08-4278-ag
Chen v. Holder

BIA
Bukszpan, IJ
A200-024-889

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8ᵗʰ day of January, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > <u>Chief Judge</u>,
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> > <u>Circuit Judges</u>.

_____

CHUN CHEN,
> <u>Petitioner</u>,

v.                                     08-4278-ag
                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> <u>Respondent</u>.

_____

FOR PETITIONER:          Nathaniel K. Hsieh, Hsieh &
                         Associates, PC, Chicago, Illinois.

**FOR RESPONDENT:** **Tony West, Assistant Attorney General; M. Jocelyn Lopez-Wright, Senior Litigation Counsel; Judith R. O'Sullivan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Civil Division, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chun Chen, a native and citizen of the People's Republic of China, seeks review of a July 30, 2008 order of the BIA affirming the July 30, 2007 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In re Chun Chen, No. A200-024-889 (B.I.A. July 30, 2008), aff'g No. A200-024-889 (Immig. Ct. N.Y. City July 30, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's

opinions -- or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir. 2008). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir. 2008).

Substantial evidence supports the IJ's adverse credibility determination. See Corovic, 519 F.3d at 95. The IJ cited: (1) inconsistencies between Chen's testimony and his cousin's testimony regarding the date Chen last practiced Falun Gong; (2) inconsistencies between his testimony and his cousin's testimony regarding where he practiced Falun Gong; (3) inconsistencies between his testimony and his cousin's testimony regarding the apartment they allegedly shared and the family members they lived with; (4) inconsistencies between his testimony and his written statement regarding the year in which he was arrested; and (5) Chen's lack of knowledge about the Falun

3

Gong flyers he allegedly posted. Chen's brief argues that several of these inconsistencies were too minor to support an adverse credibility determination. However, under the REAL ID Act, which applied to Chen's application for relief, "an IJ may rely on <u>any</u> inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." <u>Xiu Xia Lin v. Mukasey</u>, 534 F.3d 162, 167 (2d Cir. 2008) (emphasis in original); <u>see</u> <u>Matter of J-Y-C-</u>, 24 I. & N. Dec. 260, 265 (BIA 2007) (finding that "the REAL ID Act no longer requires the trier of fact to find a nexus between inconsistencies and the 'heart of the claim'"). Moreover, although Chen offered explanations for these discrepancies before the agency, no reasonable fact finder would have been compelled to credit them. <u>See</u> <u>Majidi v. Gonzales</u>, 430 F.3d 77, 80-81 (2d Cir. 2005).

Given the discrepancies the IJ identified, substantial evidence supports the agency's adverse credibility determination. <u>See</u> 8 U.S.C. § 1158(b)(1)(B)(iii); <u>Xiu Xia Lin</u>, 534 F.3d at 167. Therefore, the IJ properly denied Chen's application for asylum. The applications for

4

withholding of removal and CAT relief were also properly denied because the only evidence that Chen would be persecuted or tortured depended on his credibility.  See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir. 2006); Xue Hong Yang v. U.S. Dep't of Justice, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____